**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ARLENE ARKUS, | § No. <br> § |
| Plaintiff, | § <br> § |
| v. | § <br> § |
| RICHARD J. BOUDREAU & ASSOCIATES, LLC, | § <br> § <br> § |
| Defendant. | § |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ARLENE ARKUS (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, RICHARD J. BOUDREAU & ASSOCIATES, LLC (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing at 701 Leora Lane #515, Lewisville, Denton County, Texas 75056.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is an alleged debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection law firm with a business office in Salem, New Hampshire.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, Capital One, with an account number ending in -9044.

11. Plaintiff's alleged debt owed to Capital One arises from transactions for personal, family, and household purposes.

12. On March 12, 2010, Defendant mailed Plaintiff a letter that threatened legal action against Plaintiff (see Defendant's letter (redacted for privacy) to Plaintiff dated March 12, 2010, attached as Exhibit A).

13. When Plaintiff received this letter (Exhibit A), which is printed on Defendant law firm's letterhead, and signed with the law firm's name, Plaintiff believed that legal action has or soon will be brought against Plaintiff.

14. Defendant did not intend to take legal action against Plaintiff at the time Defendant mailed the March 12, 2010 letter (Exhibit A) to Plaintiff, as Defendant's letter states that "no attorney with this firm has personally reviewed the particular circumstances of [Plaintiff's] account."

15. As of the filing of this Complaint, Defendant has not taken any legal action against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

    c. Defendant violated *§1692e(3)* of the FDCPA by falsely representing or implying that any individual is an attorney or that any communication is from an attorney.

    d. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

    e. Defendant violated *§1692e(10)* of the FDCPA using false and deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, ARLENE ARKUS, respectfully requests judgment be entered against Defendant, RICHARD J. BOUDREAU & ASSOCIATES, LLC, for the following:

17. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

19. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ARLENE ARKUS, demands a jury trial in this case.

Dated: July 21, 2010

        RESPECTFULLY SUBMITTED,

        KROHN & MOSS, LTD.

        By: /s/ Michael S. Agruss

        Michael S. Agruss
        California State Bar Number: 259567
        Krohn & Moss, Ltd.
        10474 Santa Monica Blvd., Suite 401
        Los Angeles, CA 90025
        Tel: 323-988-2400 x235
        Fax: 866-583-3695
        magruss@consumerlawcenter.com
        Attorneys for Plaintiff,
        ARLENE ARKUS

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, ARLENE ARKUS, states the following:

1. I am the Plaintiff in this civil procceding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ARLENE ARKUS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

7/27/10
Date

*Arlene Arkus* (signature)
ARLENE ARKUS

# **<u>Exhibit A</u>**

# Richard J. Boudreau & Associates, LLC

Richard J. Boudreau
*Admitted in MA*
Adam Zlotnick
*Admitted in MA, NH, OK, & AR*
Charlene M. Sandlin
*Admitted in MA*
Kara E. Roy
*Admitted in MA*

Attorneys At Law
5 Industrial Way
Salem, New Hampshire 03079
Telephone (603) 890-1644
Facsimile (603) 890-6790
**Toll Free Number 866-890-1644**

Robert L. O'Brien
*Admitted in NH*
Raymond G. LeFoll
*Admitted in CT*
Herdon Mayer
*Admitted in VT*
Edwin Daggett
*Admitted in ME*
Dan Kaplan
*Admitted in RI*

March 12, 2010

**PERSONAL & CONFIDENTIAL**
Arlene Arkus                    1862366

Client: LVNV FUNDING LLC, as Successor in Interest to
Original Creditor: Capital One
Account Number: ████████9044
                              Balance: ██████

Dear Arlene Arkus:

We have been hired by the above stated client to assist them in the collection of the above referenced account. As of the date of this letter, you owe ██████. Because of interest, the amount due on the day you pay may be greater than the above balance. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If so, we will inform you before depositing the payment.

Also, we have been asked to contact you to determine your intentions with respect to repayment of this debt. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Unless, within thirty days after your receipt of this letter, you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid. If, within thirty days of your receipt of this letter, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and we will mail you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty days of your receipt of this notice, we will provide you with the name and address of the original creditor.

Sincerely,

Richard J. Boudreau & Associates, LLC

RS001

This correspondence is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Important notices appear on the back of this letter. Please read them as they may affect your rights.

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Anson Street LLC | Granite Asset Management LLC | SFG REO, LLC |
| Ascent Card Services II LLC | Limestone Asset Management LLC | Sherman Acquisition II Limited Partnership |
| Ascent Card Services, LLC | LVNV Funding, LLC | Sherman Acquisition L.L.C. |
| Ashley Funding Services LLC | PYOD LLC | Sherman Acquisition Limited Partnership |
| Credit One Bank, N.A. | Resurgent Capital Services L.P. | Sherman Acquisition TA LP |
| Credit One Financial Solutions LLC | Resurgent Capital Services PR LLC | Tradd Street LLC |
| Fieldstone Asset Management LLC | | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history; and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates and Third Parties**

**Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.**

This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

092309